Good morning, your honors. May it please the court, Brian Layton on behalf of the Appellant American Raisian. In both the opening and the reply brief, I discussed at length why I do not believe that section 52.54, the regulation at issue here, allows the debarment of inspection services when what was found by the administrative law judge and upheld by the judicial officer was not an intentional act, but at the most a negligent act. I don't want to discuss that this morning because it's been discussed at length in the brief. I would like to go to where I think maybe the heart of this issue is. Can I ask one quick question before you get into that? I take it that the one-year debarment has been stayed through these proceedings? Yes. It has not been served? That's correct. Go ahead. Okay. 52.54 in the prelude to the acts and practices that they claim to be allowed debarment from inspection services says that the following acts or practices or causing thereof may be deemed sufficient cause for the debarment by the administrator of any person from any or all of the benefits of the act for a specified period. What do they mean by the benefits of the act? The act that they're speaking of and which USD is relying upon is 7 U.S.C. Section 1622H, which was passed as the Agricultural Marketing Act of 1946. It's important, therefore, when I outline and use the 46 Act to distinguish what I'll be getting to in a minute. Section authorizes the secretary to provide inspection services when requested and allows the secretary to capture the cost of those inspections. There are a number of commodities, agricultural commodities, that don't require inspections. It authorizes inspections. A particular buyer may want a handler of a particular item of produce to receive an inspection, a USDA inspection, and certify it, that it meets certain grades and standards. A buyer also, when fruit or vegetables are shipped or nuts are shipped to that buyer, the buyer can ask the inspection certificate, the inspection service, to come out and provide an inspection so the buyer knows that what he was told he was buying is the same grade that the inspector is now inspecting. And USDA has a right, under 1622H, to recoup its cost for that, and the secretary is ordered or authorized to provide those inspection services. Because 1622H says that the Act, that no person shall be required to use the service authorized by this subsection. Therefore, it's not mandatory. You can ask for it. You shall receive it. You pay for it. 1622H only imposes sanctions of criminal fines and penalties and imprisonment. 52.54 says that they are using 1622H to debar from inspection services. It's not authorized under 1622H. But we have three things in. Since 52.54 says allows debarment from any or all benefits of the Act, first of all, we have to ask the question, is American, if American is not utilizing the so-called benefits of the 46 Act, 1622H, it Number two, unless the inspection is voluntary, as described in 1622H, American cannot be debarred if the inspection is mandatory. Because 1622H only says it's only voluntary. And three, 1622H only permits criminal fines, not disbarment, if 1622H is the right authority. However, American raisin, a raisin packer, is not receiving inspections under the 46 Act. It's not receiving inspections under 1622H. American raisin is a raisin CFR section 989.1 at SEC. That raisin marketing order was promulgated in 1947. The raisin marketing order was established under the 37 Act, 7 U.S.C. section 601 at SEC. That authorizes the secretary to establish marketing orders for various products. You have an almond marketing order, you have a raisin marketing order, and you have many others. In the 37 Act, which is the Agricultural Marketing Agreement Act of 1937, there is a provision, 7 U.S.C. section 608, small c, parenthesis 6, end parenthesis, parenthesis small f. That provision states that the secretary is The secretary promulgated the raisin marketing order in 1947, and in 1955, under the 37 Act, mandated required inspections under the 37 Act for raisins. They are mandatory under section 989.58 for incoming inspections, 989.59 for outgoing inspections. All under the 37 Act, not the 46 Act. So the secretary, or USDA in this case, is trying to use 1622H, which is a voluntary inspection, to deny inspections to American raisin, which are mandatory under the 37 Act. So, if the secretary is mandating inspections pursuant to the 37 Act, American raisin cannot be debarred from inspection services that are voluntary under 1622, which is the 46 Act. Now, what would the remedies be for USDA if they wanted to go after somebody for negligently claiming something is natural Thompson There are civil penalties under 608, small c, 14B. There are injunctions under 608A.6, but there are no debarment remedies under the 37 Act. Since I mean, since American is not receiving inspections, the voluntary inspections under 1622H of the 46 Act, you cannot use 5254, which was promulgated pursuant to 1622H of the Act, two to par American, when those benefits are supposedly voluntary. Can I interrupt you? Yes. I think the 1622H argument was not made below. Is that right? The 1622H argument was made below, was raised below with respect to the fact that 1622H does not provide authority for debarment regarding negligent practices, not intentional or willful. Okay. Let me ask you with respect to the CFR. Part of your, maybe most of your argument hinges upon an argument that A1 describes the heading for which is fraud or misrepresentation. Yes. Your argument is that misrepresentation there has to be willful? Yes. Yes. The ordinary usage of misrepresentation includes much more than willful. I assume you will concede that. Yes. But I think in the context of this is beside the argument that I've just made. The argument that I'm talking about, 1622H provides no authority here because raising inspections are mandatory. So you can't use this authority, 1622H, and therefore you can't use 5254. Getting to your question is under the scheme, what is discussed as far as the acts that constitute or give rise to the debarment from any or all benefits of the act, you have the first heading that says fraud or misrepresentation. Then you have number two down there, willful violation of the regulations in this subpart. I don't see how one could read A1 to allow a debarment for negligent misrepresentation, but not allow debarment for a negligent violation of the regulations, which is in subsection 2. It just seems when you read the whole thing that it has to have some type of knowledge element. Further, my claim is backed up by 1622H. 1622H, which goes on forever, talks about how you can impose criminal penalties, knowingly violates, knowingly does this, knowingly does that, and they use knowingly five times. So does 1622H, which has all of the knowingly requirements, which connotes willfulness, allow the secretary to come up with a regulation to come up with a new remedy, which is debarment, because 1622H doesn't say debarment, to come up with a new remedy and be able to throw in, in imprecise language, a negligent misrepresentation? Because when you think about it. But that argument is premised upon the fact, upon your argument, that the only way to promulgate this CFR is under 1622H. Correct. And that it can't be promulgated, for example, under 538. Am I reading the number right? 558. 558. Yeah. I have my glasses on, yeah. No, because the actual complaint that USDA filed in this case, and what they argue in their brief, and what the ALJ and the JO found, is that 52.54 was promulgated pursuant to 1622H. That's their authority. Okay. That's what we were dealing with. So, to get to your, to finally answer your question, is 1622H has a scienter requirement. 1622H, Congress picked penalties. Does the Secretary, assuming when you have a mandatory inspection requirement under the 37 Act, can the Secretary use the voluntary inspection of 1622H to debar? We believe the USDA had no jurisdiction to debar American when the inspections are mandatory. But can the Secretary then, through the back door, throw in a regulation and allow? Debarment at their whim for negligent misrepresentation. Because, particularly with respect to raisins, because handlers are receiving raisins of all kinds of varieties. Natural Thompson seedless, the ones you've seen on the ground drying on paper trays. Golden raisins, which is where they dry them out, but they spray sulfur dioxide to keep them green or yellow. Olea raisins, manukas, flames, all kinds of stuff. Growers bring in raisins. They dump the raisins on the line. They pack the raisins. The growers take the bins back. You get the same thing the following year. It can happen and happen often that when the grower brings in his raisins to the packer, like American, they don't clean out the bottom of the bins that they used for manukas or flames or goldens the year before. And now with Natural Thompson seedless, they're mixed. The ALJ said this was done not intentionally. Negligence can happen. We are now picking the most draconian penalty for a company is to deny them inspection services when inspection services are mandatory. Because under the Raisin Marketing Order, American, if the debarment is upheld, 989.58 of the Raisin Marketing Order demands inspection when all the raisins come in. 989.59 demands a USDA inspection when all the raisins are shipped out. If you can't have them inspected incoming because you're debarred, and you can't have them inspected outgoing because you're debarred, they're out of business. No employees, they all hit the welfare lines, and the one-year debarment adds up to more than one year. Who's going to come back to them? Is it producers? Oh, we'll take somewhere else this year, but next year when American's back in business, we'll bring them? No. Buyers going to come back to them? Nope. The ultimate penalty for a negligent misrepresentation violates due process. Now, the Court can avoid the due process issue by looking at the statutory grounds, and the statutory grounds are since American did not receive the benefits of a voluntary inspection under 1622H, but is complying with a mandatory inspection under the 37 Act, you cannot debar. There is no jurisdiction under 1622H. Excuse me. Is the act in the State, is that the debarment of the State? Yes. Yes. Yeah. So you can't use the 46 Act to debar American from inspections when he's not receiving inspections under the 46 Act. You have about three minutes. You want to save it for a moment? Yes. Thank you very much for your argument. We'll hear from the government at this time, the Department. Ms. Dawson. May I please the Court? Catherine Dawson for the Department of Agriculture. The only argument the plaintiff has preserved for appeal is its challenge to the agency's interpretation of its own regulation to permit debarment for any misrepresentation, whether willful or not. This argument that this is the first time that I've heard the argument that the Secretary was not authorized under the statute to impose a debarment or to promulgate this regulation and the argument that the Secretary's interpretation of this regulation is contrary to the statute was waived by the plaintiff. So that's not at issue in this case. Plaintiff argues that any misrepresentation really means some misrepresentations, specifically only willful ones. But plaintiff can't prevail under the APA unless it can show that the Secretary's interpretation is inconsistent with the plain language of the regulation. Far from being inconsistent, the plain language of the regulation supports the Secretary's interpretation here. As plaintiff's counsel conceded, the ordinary meaning of the word misrepresent means to represent falsely. It does not connote a specific intent. Second, the agency's use of the word willful in subsection A2 and its modification of the word misrepresentation elsewhere in Title VII shows that the agency, that the Secretary knows to use the word willful when it means to require a specific intent, and that was not done in this instance. Plaintiff claims that the sanction of debarment for a negligent misrepresentation is overly harsh. And I would first like to point out that plaintiff has not raised the challenge to the proportionality of the sanction here. They have only argued that the Secretary was without authority under the regulation to sanction an unintentional or negligent misrepresentation at all. They could have challenged, and in fact they did bring an Eighth Amendment challenge and then dropped that below. They could have raised an APA challenge to the extent of their sanction, and they did not raise that type of challenge here. Secondly, misrepresentations of samples for inspection, whether they're negligent or unintentional, are very serious because they can lead to the same injuries. Any misrepresentation can lead to the issuance of a false inspection certificate, which can in turn mislead the buyer and then the public about the contents or quality of the agricultural products. And this can be very serious in the instance where someone has an allergic reaction. I read all that. Of course, these raisins were headed for bird feed, correct? Excuse me? These raisins were headed for bird feed? I believe that these raisins were purchased by the Department for a domestic feeding program, either school lunches or a homeless feeding program. Oh, so these raisins were headed for people? That's correct. I see. It's the golden raisins that ordinarily- The golden raisins that were mixed in with the Thompson raisins could have only been used for bird seed here because they were- I see. But in fact, these raisins were headed for people. That's correct. I see. It strikes me that there weren't very many goldens, and indeed it's entirely possible that the underlying factual premise is exactly as the administrative judges found below, that is to say this was no more than negligent. Can you give me some sense as to the practice of the Department in ordinary cases where you might find just one or two or ten goldens per box? I mean, is this an extraordinary thing for the Department to do in a case of this sort? Well, the random sampling, the random testing that was done, only showed one or two or seven, up to seven raisins per box, but of course they didn't test every single box. We're talking about 119,000 pounds of raisins. Right. But I'm not about to assume that the others were worse than what you found in the testing. So one to seven raisins, what percentage is that in the box? I'm not sure. A very small percentage. Here the sanction, and again, plaintiff hasn't challenged the extent of the sanction here. They've only challenged the interpretation of the regulation to include negligent misrepresentations. But here the extent of the sanction was also based on a 1996 warning letter that was issued to the plaintiffs, warning them for similar behavior, and that illustrates the fact that there's discretion here under this regulation. A debarment is not automatic. The language of the regulation indicates that the administrator may debar, may debar a violator. In addition, the judicial officer has the discretion to determine the extent of the sanction based on the evidence in the record, as here the prior violations in addition to this one. So the sanction was based on a number of different components. I see. Okay. Unless the Court has any. Well, I would like to ask one question, but I don't want to detain you very long. I heard loud and clear your argument that the 1622 argument has been waived. That's correct. Assuming for the moment that it's not been waived, what's your answer to it? The argument that the language plaintiff cites in 1622 regarding false, the issuance of false, or sorry, the forgery or counterfeit of certificates, that part of the Act is not applicable here. This regulation has to do, or this provision in the regulation has to do with misrepresenting samples for inspection. The authority for promulgating that regulation is at the beginning of 622H where it says, the Secretary is directed and authorized to inspect, certify, and identify the class, quality, and quantity and condition of agricultural products under such rules and regulations as the Secretary of Agriculture may prescribe. The Secretary promulgated a number of regulations pertaining to the inspection services, and this is one of those regulations. And the later parts of 1622 deal with criminal penalties for knowing violations of certain things. That's correct. Those are separate provisions of 1622 in your view. That's correct. Okay. Unless the Court has any further questions. I see none. Thank you for your argument. Rebuttal. Rebuttal. Your Honor, page 6 of our opening brief, we set forth the inspections. We first have to realize that these raisins were all inspected at American's plant at the time of outgoing inspections, and the inspector never noted any golden raisins at all. If he didn't note them, how could we note them? Secondly, they sampled the first group that they tested. The first group revealed that 20 sample units had no sulfur at all, which means there are no goldens at all, and 30 sample units had 10 to 100 parts per million, very low level amounts. Intentional golden raisins will have 100 times that amount. The second group tested, 34 sample units had absolutely no sulfur, and two sample units had 30 to 40 parts per million of sulfur dioxide. Did you make the argument that the penalty that's imposed is way out of proportion to the wrong that occurred? Yes. Especially that it was headed. Did you make that? Yes. Yes. And I raised it in this brief, too, that it would otherwise violate due process. If 52.54 is construed in such a way to allow putting a company out of business for a negligent misrepresentation, at the most a negligent, probably accidental, then it would violate due process, because Congress knows how to set forth penalties, and it set forth criminal penalties for knowingly violating the inspection regulations. So they say in this case, yes, right, we debar somebody. We suspend them or debar them for negligent misrepresentation.  That is the argument. But the thing is that it's a matter of law they can't. It's a matter of law they can't. Due process. Right. Because think of it this way. To a corporation that can't go to jail, it would much rather pay a criminal fine. It can borrow the money, pay a criminal fine. It can't do anything but debar. It's out of business. But the jurisdictional argument that I'm talking about, and I don't believe you could ever waive this argument, if USDA had no authority under 1622 to debar us, it has no authority. You can't waive a jurisdictional requirement like that. We're not getting inspections under 1622, so you can't use 1622 to debar us. 1622 then, even if you could use 1622, does not allow the draconian penalties imposed with a debarment, because you can't read the statute that way, otherwise it would violate due process. Remember, the government down below sought four years debarment. Judges gave them one. But a one-year debarment is basically they're out of business. They can't get back in. Thank you. Thank you for your argument. Thank both sides for their argument. The case just argued will be submitted for decision.
judges: Hawkins, W.fletcher, Breyer